■ In the Matter of GREGORY SOLDATENKO et al., Respondents, v VILLAGE OF SCARSDALE ZONING BOARD OF APPEALS et al., Appellants. [30 NYS3d 254]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Village of Scarsdale Zoning Board of Appeals dated October 10, 2012, which affirmed a determination of the Building Inspector of the Village of Scardale that a certain lot owned by the petitioners could not be improved as of right, and action for declaratory relief, the respondents/defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Neary, J.), entered December 16, 2013, as granted that branch of the petition which was to annul the determination.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to annul the determination of the Scarsdale Zoning Board of Appeals dated October 10, 2012, is denied, and the determination is confirmed.

The petitioners/plaintiffs (hereinafter the plaintiffs) are the owners of certain real property in the Village of Scarsdale identified on the Village tax map as lots 217 and 217A. In May 2012, the plaintiffs made a "Request for Interpretation" to the Village Building Inspector, seeking a ruling that the lots were buildable as of right. The plaintiffs referred to the lots collect-

ively as "Lot 117," a designation from a 1926 subdivision map that was filed with the Village. The plaintiffs acknowledged that the lot was nonconforming under the current Zoning Law of the Village of Scarsdale (hereinafter the Zoning Law) because it lacked the required street frontage, but they argued that the lot qualified as a buildable lot under the criteria of certain grandfathering provisions of the Zoning Law.

In a determination dated July 11, 2012, the Village Building Inspector held that the subject lot was an existing nonconforming unimproved lot that lacked the necessary frontage required under the Zoning Law. The plaintiffs appealed his determination to the Village Board of Appeals, sued herein as the Village of Scarsdale Zoning Board of Appeals. In a resolution adopted on October 10, 2012, the Village Board of Appeals (hereinafter the Village Board) affirmed the Building Inspector's determination. In its resolution, the Village Board relied on, among other provisions, Village Law § 7-736, which provides in relevant part that "[n]o permit for the erection of any building shall be issued unless a street or highway giving access to such proposed structure has been duly placed on the official map or plan" (Village Law § 7-736 [2]).

The plaintiffs thereafter commenced this hybrid proceeding, inter alia, to annul the October 10, 2012, determination. In the petition, the plaintiffs acknowledged that a 1966 amendment to the official Village map resulted in "a complete loss of street frontage" for the subject lot, rendering it a nonconforming lot. They maintained, nonetheless, that the lot could be developed as of right pursuant to the grandfathering provisions of the Zoning Law. In the judgment appealed from, the Supreme Court agreed and, inter alia, granted that branch of the petition which was to annul the October 10, 2012, determination. As relevant to this appeal, the court stated that the Village Board's interpretation of Village Law § 7-736 was "unreasonable" because although the statute created "a potential obstacle to the issuance of a building permit," it also provided for the possibility of an exception or a variance.

Contrary to the determination of the Supreme Court, the Village Board's interpretation of Village Law § 7-736 was not unreasonable. Although an applicant can seek a variance from the statute's requirements (see Village Law § 7-736 [3]), the issue before the Village Board was whether the plaintiffs were entitled to develop the property as of right. The Village Board properly concluded that they could not because the lot failed to meet the access requirements of Village Law § 7-736. Consequently, the court should have confirmed the Village Board's

determination (*see generally* CPLR 7803 [3]). Dillon, J.P., Austin, Maltese and Barros, JJ., concur.